IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GODFREY HYDE and MARTANYA BLAIR-HYDE, | § § § |
| Plaintiffs, | § § |
| v. | § § |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO HOME EQUITY ASSET-BACKED SECURITIES 2004-2 TRUST, and WELLS FARGO BANK, N.A., | § § § § § § § |
| Defendants. | § |

CIVIL ACTION NO. H-18-2248

## MEMORANDUM OPINION AND ORDER

Plaintiffs Godfrey Hyde ("Mr. Hyde") and Martanya Blair-Hyde ("Mrs. Hyde") (collectively, "Plaintiffs" or "the Hydes") sued defendants HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2004-2 Trust (the "Trustee") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants") in the 458th District Court of Fort Bend County, Texas (the "State Court"), alleging that Defendants are improperly attempting to foreclose on their real property located at 8203 Cicada Drive, Missouri City, Texas 77459 (the "Property"). The Trustee timely removed the action on July 2, 2018.[1] Pending before the court is Defendants' Motion to Dismiss

---

[1] See Defendants' Notice of Removal ("Notice of Removal"), Docket Entry No. 1, pp. 1-2.

(Docket Entry No. 22).  For the reasons explained below, Defendants' Motion to Dismiss will be granted.

## I.  Factual and Procedural Background

On May 12, 2004, Mr. Hyde and Wells Fargo executed a Texas Home Equity Note (the "Note") in the amount of $384,000.00 secured by a Texas Home Equity Security Instrument (the "Security Instrument") giving Wells Fargo a first lien on the Property.[2] Plaintiffs also executed a Texas Home Equity Affidavit and Agreement (the "Affidavit"), which is recorded in the real property records of Fort Bend County, Texas.[3]

On May 5, 2012, Mr. Hyde filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code (the "2012 Bankruptcy Proceeding"), but failed to include any claims related to the Loan in his schedules.[4]  Wells Fargo was one of Mr. Hyde's secured creditors in the 2012 Bankruptcy Proceeding and his bankruptcy plan contemplated making payments to Wells Fargo to pay down the Loan balance.[5]  The bankruptcy court confirmed Mr. Hyde's bankruptcy

---

[2]See Note, Exhibit 1 to Plaintiffs' Original Petition and Request for Disclosures ("Petition," Exhibit D-1, Docket Entry No. 1-4), Docket Entry No. 1-4, p. 17; Security Instrument, Exhibit 2 to Petition, Docket Entry No. 1-4, p. 22.  The Note and the Security Instrument are collectively referred to herein as the "Loan."

[3]See Affidavit, Exhibit A to Defendants' Motion to Dismiss, Docket Entry No. 22-1, p. 2.

[4]See Voluntary Petition [2012], Exhibit B-1 to Defendants' Motion to Dismiss, Docket Entry No. 22-2, pp. 13, 15.

[5]See Uniform Plan and Motion for Valuation of Collateral [Fifth Amended Chapter 13 Plan], Exhibit B-2 to Defendants' Motion to Dismiss, Docket Entry No. 22-2, p. 24.

plan on December 21, 2012.[6]  The 2012 Bankruptcy Proceeding was dismissed on September 25, 2013.[7]  Mr. Hyde filed a second Chapter 13 bankruptcy petition on August 10, 2014 (the "2014 Bankruptcy Proceeding").[8]  Mr. Hyde again neglected to include any claims challenging the validity of the Loan in his schedules.[9] Mr. Hyde's bankruptcy plan in the 2014 Bankruptcy Proceeding accounted for payments on the Loan to be made to Wells Fargo.[10]  The bankruptcy court confirmed Mr. Hyde's Chapter 13 plan on November 20, 2014.[11]  The 2014 Bankruptcy Proceeding was dismissed on August 3, 2015.[12]

On January 2, 2018, the Trustee filed an application seeking an expedited foreclosure order under Rule 736 of the Texas Rules of

---

[6]See Order Confirming Chapter 13 Plan and Valuing Collateral Pursuant to 11 U.S.C. § 506 [2012], Exhibit B-3 to Defendants' Motion to Dismiss, Docket Entry No. 22-2, p. 29.

[7]See Order of Dismissal [2013], Exhibit B-4 to Defendants' Motion to Dismiss, Docket Entry No. 22-2, p. 31.

[8]See Voluntary Petition [2014], Exhibit C-1 to Defendants' Motion to Dismiss, Docket Entry No. 22-3, pp. 13, 15.

[9]See id. at 15.

[10]See Uniform Plan and Motion for Valuation of Collateral [Amended 10/17/2014 Chapter 13 Plan], Exhibit C-2 to Defendants' Motion to Dismiss, Docket Entry No. 22-3, p. 23.

[11]See Order Confirming Chapter 13 Plan and Valuing Collateral Pursuant to 11 U.S.C. § 506 [2014], Exhibit C-3 to Defendants' Motion to Dismiss, Docket Entry No. 22-3, p. 28.

[12]See Order of Dismissal [2015], Exhibit C-4 to Defendants' Motion to Dismiss, Docket Entry No. 22-3, p. 30.

Civil Procedure.[13]  Plaintiffs filed this action on June 4, 2018, arguing that the Loan is invalid because its provisions violate the Texas Constitution.[14]  The State Court vacated its order authorizing a Rule 736 foreclosure on June 15, 2018.[15]  Defendants removed to this court on July 2, 2018.[16]  Defendants filed their Motion to Dismiss on February 5, 2019.[17]  Plaintiffs responded on February 26, 2019.[18]  Defendants replied to Plaintiffs' Response on March 8, 2019.[19]

## II.  **Standard of Review**

The Federal Rules of Civil Procedure permit dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally

---

[13]See Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, pp. 8-9 ¶ 19.

[14]See Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, pp. 9-11.

[15]See Order to Vacate Foreclosure Order, Exhibit D to Defendants' Motion to Dismiss, Docket Entry No. 22-4, p. 2.

[16]See Notice of Removal, Docket Entry No. 1.

[17]See Defendants' Motion to Dismiss, Docket Entry No. 22.

[18]See Plaintiffs Response to Motion to Dismiss ("Plaintiffs' Response"), Docket Entry No. 23.

[19]See Defendants' Reply in Support of Motion to Dismiss ("Defendants' Reply"), Docket Entry No. 24.

cognizable claim." <u>Ramming v. United States,</u> 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States,</u> 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1974 (2007). In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." <u>Chauvin v. State Farm Fire & Casualty Co.,</u> 495 F.3d 232, 237 (5th Cir. 2007).

### III. <u>Analysis</u>

Plaintiffs plead a quiet title claim and accompanying claims for declaratory and injunctive relief. Plaintiffs allege that the Loan is invalid because it violates several provisions of the Texas Constitution.[20] Defendants argue that this action should be dismissed because Plaintiffs are judicially estopped from pursuing their quiet title claim. Plaintiffs' Response did not address Defendants' judicial estoppel argument.

### A. Judicial Estoppel

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a

---

[20]<u>See</u> Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, pp. 9-10 (listing 18 alleged violations of the Texas Constitution).

contrary position. . . ." <u>New Hampshire v. Maine,</u> 121 S. Ct. 1808, 1814 (2001) (quoting <u>Davis v. Wakelee,</u> 15 S. Ct. 555, 558 (1895)) (internal quotation marks omitted). The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a position taken by that party in a prior court proceeding. <u>Id.</u> "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." <u>Jethroe v. Omnova Solutions, Inc.,</u> 412 F.3d 598, 600 (5th Cir. 2005). "Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." <u>Kane v. National Union Fire Insurance Co.,</u> 535 F.3d 380, 385 (5th Cir. 2008) (citing 18 U.S.C. § 541(a)(1)). Courts agree that a debtor in bankruptcy who fails to disclose an asset, including a cause of action or other legal claim, "cannot realize on that concealed asset after the bankruptcy ends." <u>Cannon-Stokes v. Potter,</u> 453 F.3d 446, 448 (7th Cir. 2006); <u>see also Jethroe,</u> 412 F.3d at 600-01. "A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." <u>Jethroe,</u> 412 F.3d at 600.

Mr. Hyde is asserting a position in this action that is inconsistent with his position in the 2012 and 2014 Bankruptcy Proceedings. Mr. Hyde did not disclose the existence of his quiet title claim against Defendants during either the 2012 or 2014 Bankruptcy Proceeding.[21] Mr. Hyde's bankruptcy plans recognized the validity of the Loan and specifically contemplated making payments to Wells Fargo. The Fifth Circuit has held that because bankruptcy petitioners are under an affirmative obligation to disclose claims and potential claims to the bankruptcy court, failure to disclose such claims is an implicit representation that the petitioner has no claims. See In re Flugence, 738 F.3d 126, 230 (5th Cir. 2013). Because Mr. Hyde represented that he had no claims relating to the Loan in two prior Bankruptcy Proceedings, Mr. Hyde has taken an inconsistent position by asserting his quiet title claim in this action.

Mr. Hyde's inconsistent position was accepted by the bankruptcy court in both the 2012 and 2014 Bankruptcy Proceedings. A bankruptcy court accepts a debtor's representations in his petition and schedules when it confirms a debtor's plan or discharges a debtor's debts after reviewing the debtor's assets and liabilities. See Jethroe, 412 F.3d at 600; Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 784 (9th Cir. 2001). The

---

[21]See Voluntary Petition [2012], Exhibit B-1 to Defendants' Motion to Dismiss, Docket Entry No. 22-2, pp. 13, 15; Voluntary Petition [2014], Exhibit C-1 to Defendants' Motion to Dismiss, Docket Entry No. 22-3, pp. 13, 15.

bankruptcy court confirmed Mr. Hyde's bankruptcy plans in the 2012 and 2014 Bankruptcy Proceedings on December 21, 2012, and November 20, 2014. The bankruptcy court therefore accepted Mr. Hyde's representation that he had no claims relating to the Loan on two separate occasions.

No evidence has been presented to suggest that Mr. Hyde's failure to disclose his quiet title claim against Defendants in the 2012 and 2014 Bankruptcy Proceedings was inadvertent. A debtor's failure to disclose is inadvertent only if the debtor "did not know of the inconsistent position" or if he "had no motive to conceal it from the court." Jethroe, 412 F.3d at 600-01. For a debtor to prove that he "did not know of the inconsistent position," he must show that he was unaware of the facts giving rise to his claims. See In re Flugence, 738 F.3d at 130. Under Texas law the validity of a home equity loan is determined at origination. Garofolo v. Ocwen Loan Servicing, L.L.C., 497 S.W.3d 474, 478 (Tex. 2018). Mr. Hyde therefore had knowledge of the facts giving rise to his quiet title claim during both the 2012 and 2014 Bankruptcy Proceedings. Defendants also argue that Mr. Hyde had a motive to conceal his quiet title claim: By not disclosing this claim to the bankruptcy court, Mr. Hyde would be able to keep any recovery he obtained in this action without having to turn it over to his creditors. The court agrees with Defendants that Mr. Hyde should not be able to "reap a windfall" by failing to disclose his quiet title claim during the 2012 and 2014 Bankruptcy Proceedings. See

<u>In re Superior Crewboats, Inc.</u>, 374 F.3d 330, 336 (5th Cir. 2004) ("The [debtors] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors.").

For the reasons explained above, Plaintiffs are estopped from pursuing their quiet title claim.[22] Mr. Hyde's position in this action is plainly inconsistent with the position he took in the 2012 and 2014 Bankruptcy Proceedings. Mr. Hyde's position was accepted by the bankruptcy court in both the 2012 and 2014 Bankruptcy Proceedings. There is also no evidence that Mr. Hyde's failure to disclose his quiet title claim in the 2012 or 2014 Bankruptcy Proceeding was inadvertent. Plaintiffs' quiet title claim will therefore be dismissed.

## B.    Injunctive and Declaratory Relief

"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." <u>Cook v. Wells Fargo Bank, N.A.</u>, Civil Action No. 3:10-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); <u>Butnaru v. Ford Motor Co.</u>, 84 S.W.3d 198, 204 (Tex. 2002).

---

[22]While Mrs. Hyde was not a debtor in either of Mr. Hyde's bankruptcy proceedings, judicial estoppel applies to bar her quiet title claim because the Hydes are in privity due to their spousal relationship. <u>See Feuerbacher v. Wells Fargo Bank,</u> Case No. 4:15-CV-69, 2016 WL 3669744, at *3, *3 n.2 (E.D. Tex. July 11, 2016), <u>aff'd,</u> 701 F. App'x 297 (5th Cir. 2017) (holding that the spouse of a bankruptcy debtor was subject to judicial estoppel).

Similarly, where all substantive underlying claims have been dismissed, a claim for declaratory judgment cannot survive. Ayers v. Aurora Loan Services, L.L.C., 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011). Because Plaintiffs' only substantive claim will be dismissed, Plaintiffs' claims for injunctive and declaratory relief are also subject to dismissal.

## IV. Conclusion

For the reasons explained above, Plaintiffs have failed to state a claim for quiet title against the Trustee or Wells Fargo as a matter of law. Plaintiffs have also failed to state a claim for injunctive or declaratory relief. Defendants' Motion to Dismiss (Docket Entry No. 22) is therefore **GRANTED**. Plaintiffs' claims against the Trustee and Wells Fargo will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 10th day of July, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE